JUDICIAL PANEL
MULTIDISTRICT LITIGATION
FILED

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

DEC 15 1978

PATRICIA D. HOWARD
CLERK OF THE PANEL

In Re Sinking of the          )   Docket No. 354
Motor Vessel Ukola            )

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD,
EDWIN A. ROBSON, STANLEY A. WEIGEL, ANDREW A. CAFFREY, AND
ROY W. HARPER, JUDGES OF THE PANEL

Per Curiam

I.  BACKGROUND

This litigation consists of eleven actions pending in
five districts:  three each in the Southern District of
Florida and the District of Puerto Rico, two each in the
Southern District of Texas and the Southern District of
New York, and one in the Eastern District of Louisiana.[1]
Each of these actions involves the January 1977 sinking
of the motor vessel Ukola in the Gulf of Mexico, approxi-
mately 200 miles west of Key West, Florida.  As a result
of this disaster, twenty of the Ukola's crewmen were killed,
and the vessel and its cargo of sugar were lost.

The actions are of three types.  Seven of the actions
have been brought by, or on behalf of the estates of, crew
members on the  Ukola; one action has been brought to recoup
the value of the lost cargo; and three actions are inter-
pleader actions that have been brought by insurers of the
Ukola.

---

[1] We are advised that related litigation has also been
filed in state courts in New York and Florida, and in Panama.

A.  Crew Member Actions

The two New York actions, the Louisiana action, two
of the Florida actions, one of the Texas actions and one
of the Puerto Rico actions have been brought by, or on behalf
of the estates of, crew members.  Plaintiffs in these seven
actions include one surviving crew member and representatives
of the estates of fifteen deceased crew members.  Many of
these representatives have filed more than one action; for
example, eight representatives are plaintiffs in an action
in each of the five districts in which crew member actions
are pending.  Defendants include a variety of individuals
and foreign and domestic corporations that allegedly owned,
operated, chartered, controlled and/or acted as agent for
the Ukola, as well as two insurance companies.  In each
crew member action, plaintiffs allege that the Ukola was
unseaworthy and that the negligence of the owner-operator
defendants caused the sinking.  Plaintiffs seek to recover
damages under, inter alia, the Jones Act, the Death of the
High Seas Act and/or state wrongful death statutes.

Only minimal discovery and other pretrial proceedings
have taken place in most of these crew member actions.
In the Texas crew member action, however, the court has
entered orders of default on the issue of liability against
Arosa Mercantil, S.A. (Arosa) and Inversiones Calmer S.A.
(Inversiones), two of the three defendants in that action,

-3-

because Arosa and Inversiones failed to comply with certain
orders of the court concerning discovery. In addition,
many defendants in the Florida crew member actions have
filed motions to quash service of process and to dismiss
for lack of in personam jurisdiction.

B.  Lost Cargo Action

Plaintiffs in the third Florida action are the shipper,
the consignee and the insuror of the Ukola's cargo of sugar.
Defendants in this action include many of the defendants
named in the crew member actions, as well as an individual
who was allegedly the Ukola's master at the time of her
sinking. Plaintiffs allege that defendants were negligent
in the care, custody and control of the cargo, and plaintiffs
seek recovery of the value of the lost cargo. As in the
Florida crew member actions, numerous defendants in the
lost cargo action have filed motions to quash service of
process and to dismiss for lack of in personam jursidction.

C.  Interpleader Actions

The second Texas action and the two other Puerto Rico
actions have been filed as interpleader actions under 28
U.S.C. §1335. Plaintiff in the Texas interpleader action
is an insurance company that provided insurance to cover
"Protection and Indemnity" risks for the Ukola. The two
Puerto Rico interpleader actions were commenced by different
groups of insurance underwriters and/or insurance companies
which were involved in reinsuring, respectively, a policy

of freight insurance and a policy of hull, machinery and increased value insurance on the Ukola.  Defendants in these three interpleader actions include all parties to the other actions before the Panel, as well as additional surviving crew members of the Ukola and the personal representatives of other deceased crew members.

Pretrial proceedings in the Texas interpleader action are in an incipient stage. In the Puerto Rico interpleader actions, the court has ordered plaintiffs to deposit the reinsurance proceeds into the registry of the court, and initially restrained defendants from instituting or prosecuting any proceeding in any state or federal court concerning the reinsurance proceeds.  This restraining order has now been modified to allow the other actions in this litigation to proceed.

## II.  PROCEEDINGS BEFORE THE PANEL

Representatives of the estates of seven crew members have moved the Panel, pursuant to 28 U.S.C. §1407, to transfer all actions pending in districts other than the Southern District of Florida to that district for coordinated or consolidated pretrial proceedings with the actions pending there.  Representatives of the estates of an additional nine crew members, one surviving crew member, plaintiffs in the Florida lost cargo action, Arosa and Inversiones favor this motion.  One of the corporations that allegedly owned or controlled the Ukola, the insurance

-5-

company that filed the Texas interpleader action, and another
insurance company oppose transfer as premature.

At the hearing on this matter, the plaintiffs in, inter
alia, the Texas crew member action moved the Panel to exclude
the claims in that action against defendants Arosa and
Inversiones from any order of transfer under Section 1407.
No party opposes that motion.

We find that these actions involve common questions
of fact and that centralization of these actions in the
Southern District of Florida for coordinated or consolidated
pretrial proceedings at this time will serve the convenience
of the parties and witnesses and promote the just and
efficient conduct of the litigation.  We also conclude,
however, that inclusion in those proceedings of the claims
in the Texas crew member action against defendants Arosa
and Inversiones would not accomplish the goals of Section
1407 and, accordingly, we sever those claims and remand
them to the Southern District of Texas for further pro-
ceedings.

III.  THE QUESTION OF TRANSFER

The opponents of transfer contend that until the pending
motions to quash service of process and to dismiss for lack
of in personam jurisdiction in the Florida actions are
resolved, Section 1407 transfer would be premature.

We do not find these arguments persuasive.  As no party
disputes, the actions before us involve numerous common
questions of fact concerning (1) the seaworthiness of the

-6-

Ukola; (2) the alleged negligence of several parties; (3) the relationship of various parties to the ownership, control or operation of the Ukola; and (4) insurance coverage. Transfer for coordinated or consolidated pretrial proceedings is thus necessary in order to prevent duplicative discovery, eliminate the possibility of conflicting pretrial rulings, and conserve the time of the parties and the judiciary. See In re Air Crash Disaster at Taipei International Airport on July 31, 1975, 433 F. Supp. 1120, 1121 (J.P.M.L. 1977).

The pendency in the Florida actions of certain motions to quash service of process and to dismiss serves as no impediment to immediate transfer in this litigation. These motions can be presented to and decided by the transferee judge following transfer.[2/] See In re Commonwealth Oil/ Tesoro Petroleum Securities Litigation, ___F.Supp.___,___ (J.P.M.L., filed September 20, 1978) (slip opinion at 11).

Finally, we agree with the parties that the most fair and efficient manner to treat the claims against defendants Arosa and Inversiones in the Texas crew member action is to allow those claims to remain in the Southern District of Texas. As we have already mentioned, orders of default on the issue of liability have been entered against those defendants by the Texas court. These defendants state that once the defaults against them are finalized, they intend to appeal the default judgments on the grounds that the Texas court lacks in personam jurisdiction. Because

2/ We note that two of the Florida actions are already pending before the transferee judge.

of the status of the claims against Arosa and Inversiones
in the Texas crew member action, and because the Texas court
is uniquely well-acquainted with the nuances of these claims,
that court is in the best position expeditiously to conduct any
proceedings necessary for the disposition of these claims.

IV.  THE TRANSFEREE DISTRICT

    We are persuaded that the Southern District of Florida
is the most appropriate transferee forum for this litigation.
Because the operations center for the vessel was based
in Miami, the Coast Guard rescue attempts were made from
a Coast Guard base in Florida, and the investigation of
the sinking was based in Florida, many of the witnesses
and relevant documents are located there.

    IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C.
§1407, the actions listed on the following Schedule A and
pending in districts other than the Southern District of
Florida be, and the same hereby are, transferred to the
Southern District of Florida and, with the consent of that
court, assigned to the Honorable  Joe Eaton  for
coordinated or consolidated pretrial proceedings with the
actions already pending there and listed on Schedule A.

    IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. §1407
(a), the claims against defendants Arosa Mercantil, S.A.
and Inversiones Calmer, S.A. in the action entitled Maria
Emilia Familia de Boom, et al. v. Arosa Mercantil, S.A,

<u>et al.</u>, S.D. Texas, Civil Action No. G−77−28, be, and the same hereby are, separated and remanded to the Southern District of Texas for further proceedings.

DOCKET NO. 354
Schedule A

| SOUTHERN DISTRICT OF FLORIDA | Civil Action No. |
|---|---|
| Milagro De Jesus Carpenter, et al. v. Farovi Shipping Corp., et al. | 78-922-Civ-JE |
| Imperial Sugar Co., et al. v. Alejandro Felix, et al. | 77-148-Civ-SMA |
| Maria Emilia Familia de Boom, et al. v. Arosa Mercantil S.A., et al. | 77-3709-Civ-JE |

| EASTERN DISTRICT OF LOUISIANA | |
|---|---|
| Maria Emilia Familia de Boom, et al. v. Arosa Mercantil, S.A., et al. | 77-2801-Sec. I |

| SOUTHERN DISTRICT OF NEW YORK | |
|---|---|
| Ana Josefa Abreu, et al. v. Arosa Mercantil, S.A., et al. | 78-Civ-1355 |
| Maria Emilia Familia de Boom, et al. v. Arosa Mercantil, S.A. | 77-Civ-757(IBC) |

| DISTRICT OF PUERTO RICO | |
|---|---|
| Maria Emilia Familia de Boom, et al. v. Arosa Mercantil, S.A., et al. | 77-1815 |
| Reginald John McRobert v. Maria Emilia Familia de Boom, et al. | 78-968 |
| Arthur Henry Chester v. Maria Emilia Familia de Boom, et al. | 78-967 |

| SOUTHERN DISTRICT OF TEXAS | |
|---|---|
| Maria Emilia Familia de Boom, et al. v. Arosa Mercantil, S.A. | G-77-28 |
| The Oceanus Mutual Underwriting Association (Bermuda) Ltd. v. Imperial Sugar Company, et al. | H-78-1038 |